WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juvenal Ortiz, as Personal Representative of the Estate of Manuel Ortiz and Maria Espinoza,<br><br>Plaintiffs,<br><br>v.<br><br>Carolina Casualty Insurance Company, Berkley Net Underwriters, LLC; and Aaron Mott,<br><br>Defendants. | No. CV-22-00370-PHX-ESW<br><br>**ORDER** |

On July 29, 2022, the Court granted in part and denied in part Defendants' Motion to Dismiss (Doc. 20). (Doc. 29). Pending before the Court is Defendants' "Motion for Clarification and Reconsideration of Disposition on Motion to Dismiss" (Doc. 35), Plaintiffs' Response (Doc. 39), and Defendants' Reply (Doc. 40).

## I. DISCUSSION

### A. Procedural History

As recounted in the Court's July 29, 2022 Order, this action arises out of Manuel Ortiz's claim for workers' compensation following an injury occurring while working for TK Brooks Contracting, Inc. On March 10, 2022, Mr. Ortiz and his wife, Maria Espinoza, filed a Complaint (Doc. 1) against (i) the workers' compensation insurer, Carolina Casualty Insurance Company ("CCIC" or "Carolina Casualty"); (ii) Berkley Net Underwriters, LLC

("Berkley Net"), a third-party administrator that processes insurance claims on behalf of CCIC; and (iii) Aaron Mott ("Mott"), the insurance adjuster who handled Mr. Ortiz's workers' compensation claim.

On March 30, 2022, Defendants filed a Statement Noting Death (Doc. 9), which indicated that on March 29, 2022, defense counsel was notified that Mr. Ortiz had died. On May 17, 2022, a First Amended Complaint was filed by Ms. Espinoza and Juvenal Ortiz, as personal representative of the Estate of Manuel Ortiz (the "Estate"). (Doc. 17). Ms. Espinoza and the Estate are collectively referred to herein as the "Plaintiffs." The Court subsequently granted Plaintiff leave to file a Second Amended Complaint.

The Second Amended Complaint (Doc. 28) contains seven counts. Counts One, Two, and Three are asserted by both Plaintiffs. Count One alleges that Defendant CCIC breached its duty of good faith and fair dealing, and Counts Two and Three allege that Defendants Berkley Net and Mott aided and abetted that breach. (*Id.* at 8-11). Counts Four, Five, and Six present loss of consortium claims asserted by Ms. Espinoza. (*Id.* at 12-13). Count Seven asserts a claim for punitive damages. (*Id.* at 13).

The Court concurred with Defendants' argument in their Motion to Dismiss that Ms. Espinoza does not have standing to assert a claim for insurance bad faith and granted Defendants' Motion to Dismiss as to Counts One through Three asserted by Ms. Espinoza. (Doc. 29 at 4). The Court, however, denied the Motion to Dismiss as to Counts One through Three asserted by the Estate. (*Id.* at 5). Consequently, the Court also denied Defendants' Motion to Dismiss as to Ms. Espinoza's loss of consortium claims presented in Counts Four through Six, which the Court found are derivative of the Estate's claims in Counts One through Three. (*Id.* at 4-5). Finally, the Court denied Defendants' Motion to Dismiss as to Plaintiffs' punitive damages claim presented in Count Seven. (*Id.* at 5).

**B. Analysis of Defendants' "Motion for Clarification and Reconsideration of Disposition on Motion to Dismiss" (Doc. 35)**

Motions for reconsideration should be granted only in rare circumstances. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error

or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multonomah County*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."). Such motions should not be used for the purpose of asking a court "to rethink what the court had already thought through – rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F. Supp 1342, 1351 (D. Ariz. 1995) (internal quotation marks and citation omitted).

In their pending Motion (Doc. 35), Defendants request that the Court (i) clarify its ruling as to the aiding and abetting claims asserted against Defendants Berkley Net and Mott and (ii) reconsider its conclusion that the Second Amended Complaint has sufficiently pleaded damages that are not barred by Arizona's survival statute, ARIZ. REV. STAT. § 14-3110.

### 1. Sufficiency of Allegations in Counts Two and Three (Aiding and Abetting CCIC's Breach of Duty of Good Faith & Fair Dealing as to Defendants Berkley Net and Mott)

The Court's July 29, 2022 Order states that "Defendants' Motion to Dismiss will be denied as to Counts One through Three asserted by the Estate." (Doc. 29 at 5). In the "Conclusion" section, the Court stated that it is "granting Defendants' Motion to Dismiss (Doc. 20) as to Counts One through Three asserted by Ms. Espinoza" and "denying Defendants' Motion to Dismiss (Doc. 20) as to the claims asserted by the Estate in the Second Amended Complaint." (Doc. 29 at 6). Implicit in this ruling is the denial of Defendants' request to dismiss Counts Two and Three in their entirety. The Court's Order expressly notes that the Court made its rulings "[a]fter reviewing the parties' briefing (Docs. 20, 21, 25)[.]" (*Id.* at 2).

Defendants request that "the Court clarify its decision regarding the sufficiency of the complaint to state a claim by the Estate for aiding and abetting insurance bad faith, and dismiss Counts II and III in their entirety." (Doc. 35 at 2). Defendants state that "the Court

- 3 -

did not address or even mention, let alone affirmatively resolve, CCIC's argument that these claims were not properly pled." (Doc. 40 at 2). It is noted that Federal Rule of Civil Procedure 52(a)(3) provides that the Court "is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." *See also Mitchell v. Occidental Ins., Medicare*, 619 F.2d 28, 30 (9th Cir. 1980) (explaining that pursuant to Rule 52, "no findings [of fact and law] are necessary in judgments on motions to dismiss."); *Ringgold v. Brown*, No. 2-12-CV-00717-JAM-JFM, 2017 WL 2214957, at *2 (E.D. Cal. May 19, 2017) ("As is permitted under Rule 52(a)(3), the Court granted Defendants' Motions to Dismiss, with prejudice, without stating findings or conclusions."). The Court grants Defendants' request for clarification as follows: the Court denied Defendants' request to dismiss Counts Two and Three as it found that the Second Amended Complaint sufficiently alleged that Berkely Net and Mott aided and abetted CCIC in CICC's purported breach of the duty of good faith and fair dealing.

The Court construes Defendants' Motion (Doc. 35) as seeking reconsideration of the Court's rejection of their argument that the aiding and abetting claims in Counts Two and Three are insufficiently pled. As correctly recounted in Plaintiffs' Response to the Motion to Dismiss:

> Plaintiffs have alleged that Berkley Net Underwriters, LLC ("Berkley Net") and Aaron Mott aided and abetted Carolina Casualty. Specifically, even after the ICA ordered Defendants to pay the long-overdue benefits, Defendants, including Berkley Net and Mott, "continued to dispute the benefits" by "seeking reconsideration and filing a special action with the Court of Appeals, without any reasonable basis to do so." Further, Berkley Net and Mott substantially assisted or encouraged Carolina Casualty in delaying or denying the claim without a reasonable basis.

(Doc. 21 at 14) (footnotes omitted).

Plaintiffs' Response also correctly recounts that "although the Arizona Court of Appeals and this court have reached divergent results in factually similar cases regarding this issue, case law supports Plaintiffs' claims against Berkley Net and Mott." (*Id.*)

- 4 -

(footnote omitted).[1]  For instance, Plaintiffs' Response cites *Haney v. ACE Am. Ins. Co.*, No. CV-13-02429-PHX-DGC, 2014 WL 1230503 (D. Ariz. Mar. 25, 2014).  (Doc. 21 at 16).  In *Haney*, District Judge David Campbell found the plaintiff's allegations that the defendant insurance agent "substantially assisted or encouraged [the insurer] in delaying or denying the claim without a reasonable basis" sufficiently stated a separate act by the defendant agent "which could amount to aiding and abetting."  2014 WL 1230503, at *5; *see also Vates v. ACE Am. Ins. Co.*, No. CV-18-3976-PHX-DMF, 2019 WL 13198215, at *3 (D. Ariz. Sept. 17, 2019) (stating that "[t]his Court agrees with the Judge Campbell's decision [in *Haney*] finding that similar allegations 'sufficiently pleads separate action by [the claims adjustor] which could amount to aiding and abetting'").

In considering Defendants' Motion to Dismiss, the Court was persuaded by Plaintiffs' arguments regarding the sufficiency of the allegations in Counts Two and Three.  Defendants have not presented newly discovered evidence, cited any intervening change in controlling law, and have not shown that the Court's rejection of Defendants' argument that Counts Two and Three are insufficiently pled was clear error or manifestly unjust.  The Court denies Defendants' request to reconsider their argument that the aiding and abetting claims in Counts Two and Three are insufficiently pled.

### 2. Recoverable Damages

Defendants do not dispute that "[u]nder Arizona law, a claim under the survival statute may be brought only by a decedent's estate."  *Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 883 (D. Ariz. 2008).  Pursuant to Ariz. Rev. Stat. § 14-3110, "damages for pain and suffering of [the deceased] injured person shall not be allowed."  In their Motion to Dismiss, Defendants asserted that the Estate was seeking pain and suffering damages.  (Doc. 20 at 5).  Defendants argued that since such damages are not allowed, the Estate's claims in Counts One through Three must be dismissed.  (*Id.*).  Plaintiffs responded by stating:

---

[1] "Although federal courts in this district have consistently held that Arizona law would permit a claim against an adjuster for aiding and abetting her employer's bad faith, no conclusive Arizona case law exists." *Lambert v. Liberty Mut. Fire Ins. Co.*, No. 2:14-CV-00521-JWS, 2014 WL 5432154, at *3 (D. Ariz. Oct. 24, 2014).

- 5 -

> Prior to his death, Mr. Ortiz incurred economic damages as a result of Defendants' misconduct. After Defendants wrongfully denied Mr. Ortiz's worker's compensation claim, Mr. Ortiz was forced to hire an attorney to adjudicate his claim. Indeed, Mr. Ortiz's counsel initiated a worker's compensation lawsuit and assisted him in obtaining workers' compensation benefits. Mr. Ortiz subsequently filed a bad faith insurance lawsuit. During the pendency of the bad faith lawsuit, Mr. Ortiz passed away. Since Mr. Ortiz's death, Mr. Ortiz's estate has sought to recover "other forms of financial loss," including punitive and exemplary damages, recovery of expert witness fees, recovery of attorney's fees, taxable costs, and pre- and post-judgment interest. For example, Plaintiffs alleged that Mr. Ortiz was "forced to hire and pay multiple lawyers" to help Plaintiffs secure the workers' compensation benefits to which they were entitled. Thus, unlike estates that sought to recover only "pain and suffering," Mr. Ortiz's estate seeks to recover the economic harm Mr. Ortiz suffered before he died. Therefore, Mr. Ortiz's claim for economic harm may be asserted by his estate.

(Doc. 21 at 12) (footnotes omitted). In their Reply, Defendants reiterated their assertion that the Estate was seeking pain and suffering damages. (Doc. 25 at 6).

In considering Defendants' Motion to Dismiss, the Court was persuaded by the above argument in Plaintiffs' Response. In its July 29, 2022 Order, the Court noted that the Second Amended Complaint (i) asserts that Plaintiffs "were forced to hire and pay multiple lawyers to help them secure the workers' compensation benefits to which they were (and are) entitled" and (ii) seeks "other general damages alleged and proved at the time of trial." (Doc. 29 at 5). The Court rejected Defendants' argument that the Second Amended Complaint must be dismissed for failure to allege a category of recoverable damages.

In their Motion for Reconsideration, Defendants argue that fees incurred in the Industrial Commission of Arizona are not recoverable in a bad faith action. (Doc. 35 at 3). Defendants cite an Arizona Court of Appeals case, *Mendoza v. McDonald's Corp.*, 213 P.3d 288, 298 (Ariz. 2009), for the proposition "'the full range of available tort damages caused by [an insurer]'s bad faith' includes 'damages for pain and suffering, lost earnings,

- 6 -

and medical expenses.'" (Doc. 35 at 3). Defendants observe that the plaintiff in *Mendoza* did not request "ICA-related attorneys' fees, the jury was not instructed on the possibility, and the Arizona Supreme Court did not include them in its description of 'the full range of available tort damages.'" (*Id.* at 4). Yet *Mendoza* does not state that available tort damages in an insurance bad faith case are <u>limited</u> to damages for pain and suffering, lost earnings, and medical expenses.[2] *Mendoza* does not state that attorney's fees incurred prior to bringing a bad faith claim that are proximately caused by an insurer's bad faith are unrecoverable as a matter of law. The fact that the plaintiff in *Mendoza* did not seek to recover such fees does not establish that the fees are unrecoverable as a matter of Arizona law.

Defendants also cite *Schwartz v. Farmers Ins. Co. of Ariz.*, 800 P.2d 20, 22-23 (Ariz. App. 1990) for the proposition that "'[t]he recoverable attorney's fees' in an insurance bad faith action 'are, of course, limited to those incurred <u>to pursue the contract claim.</u>'" (Doc. 35 at 3) (emphasis in original). Defendants conclude that "[f]ees incurred in the ICA are not in furtherance of the breach of contract, and therefore cannot be awarded as tort damages." (*Id.*).

Plaintiffs contend that Defendants' argument conflates the Estate's ability to recover Mr. Ortiz's economic harm and statutory attorney's fees. (Doc. 39 at 4). Plaintiffs state:

> Here, the Estate seeks to recover the out-of-pocket expenses Mr. Ortiz was forced to pay as a result of Defendants' conduct. Put differently, Defendants' denial of benefits proximately caused Mr. Ortiz to have to hire an attorney to assist him with obtaining workers' compensation benefits. Thus, the Estate's ability to recover economic damages for Mr. Ortiz's economic harm does not turn on whether Mr. Ortiz was entitled to recover statutory attorneys' fees. These two routes of recovery are different. Indeed, the Ninth Circuit has recognized that there is a distinction "between . . . out-of-pocket litigation costs, including attorney fees, that directly result from the objectionable conduct" and "compensable damages."

---

[2] The Arizona Court of Appeals has held that "[a]ctual damages for a loss of or injury to credit are recoverable" in an insurance bad faith action. *Farr v. Transamerica Occidental Life Ins. Co. of California*, 699 P.2d 376, 381 (Ariz. App. 1984) (citing *Mead v. The Johnson Group, Inc.*, 615 S.W. 2d 685 (Tex. 1981)).

- 7 -

> Moreover, in cases involving "[a] bad faith claim by an injured employee against his or her employer's workers' compensation carrier," the insured is entitled to recover ordinary tort damages. Thus, the economic harm Ortiz incurred may be recovered by his estate.

(Doc. 39 at 4-5) (footnotes omitted).

The Arizona Court Appeals case *Schwartz*, which Defendants rely on, cites California Supreme Court case *Brandt v. Superior Ct.*, 693 P.2d 796, 798 (Cal. 1985). *Schwartz*, 800 P.2d at 23. Although the Arizona Court of Appeals cited *Brandt* for an issue that is not on point, the Court has reviewed *Brandt* and finds the following excerpt persuasive:

> When an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy, it follows that the insurer should be liable in a tort action for that expense. The attorney's fees are an economic loss—damages—proximately caused by the tort. . . . These fees must be distinguished from recovery of attorney's fees *qua* attorney's fees, such as those attributable to the bringing of the bad faith action itself. What we consider here is attorney's fees that are recoverable as damages resulting from a tort in the same way that medical fees would be part of the damages in a personal injury action.

*Brandt*, 693 P.2d at 798; *see also Chemstar, Inc. v. Liberty Mut. Ins. Co.*, 42 F.3d 1398 (9th Cir. 1994) (stating that "*Brandt* fees are tort damages").

In addition, it is noted that the Second Amended Complaint alleges that "Plaintiffs have suffered financial harm and damage to [Mr. Ortiz's] credit as a result of Defendants' denials and repeated delays." (Doc. 28 at 7, ¶ 18). "Actual damages for a loss of or injury to credit are recoverable" in an insurance bad faith action. *Farr v. Transamerica Occidental Life Ins. Co. of California*, 145 Ariz. 1, 6, 699 P.2d 376, 381 (Ariz. App. 1984) (citations omitted). It is further noted that Federal Rule of Civil Procedure 54(c) provides that with the exception of default judgments, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in

its pleadings."[3] *See also In re Bennett*, 298 F.3d 1059 (9th Cir. 2002) ("So long as a party is entitled to relief, a trial court must grant such relief despite the absence of a formal demand in the party's pleadings."); *Cancellier v. Federated Dep't Stores*, 672 F.2d 1312, 1319 (9th Cir. 1982) (finding that a plaintiff need not include in his or her complaint a "specific prayer for emotional distress or punitive damages" in order to give the opposing party proper notice of the claim); *Ryan v. Mesa Unified Sch. Dist.*, 195 F. Supp. 3d 1080, 1088 (D. Ariz. 2016) ("Rule 54(c) allows the court to award monetary damages to Plaintiffs on Count III if they prove facts entitling them to such relief, even though they failed to plead such a request in their complaint."); *United States v. Nat'l City Lines*, 134 F. Supp. 350, 355 (N.D. Ill. 1955) (explaining that a "plaintiff is not bound to prove all that he alleges, nor is he limited in a judgment in his favor to the relief he has demanded in his complaint").

Defendants have not presented newly discovered evidence, cited any intervening change in controlling law, and have not shown that the Court's conclusion that the Second Amended Complaint pleads recoverable damages was clear error or manifestly unjust. The Court denies Defendants' request to reconsider the Court's conclusion that Plaintiffs pleaded recoverable damages.

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting in part and denying in part Defendants' "Motion for Clarification and Reconsideration of Disposition on Motion to Dismiss" (Doc. 35) as set forth herein.

Dated this 3rd day of October, 2022.

                                               Eileen S. Willett
                                               United States Magistrate Judge

---

[3] Defendants take issue with the Second Amended Complaint's Prayer for Relief, which states in part that Plaintiffs are seeking an award for "compensatory damages for physical pain and suffering, mental and emotional distress, anxiety, and all other general damages alleged and proved at the time of trial." (Doc. 28 at 14). Plaintiffs' failure to explicitly state in the Prayer for Relief that they are seeking damages for economic harm does not warrant dismissal of the Second Amended Complaint.